Oscar CAMACHO–MARROQUIN, also known as Jesus Sanchez, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 98–60256.

United States Court of Appeals, Fifth Circuit.

Sept. 29, 1999.

Clarissa Guajardo Muller, Houston, TX, for Petitioner.

Holly A. Gimbel, Richard M. Evans, U.S. Department of Justice, Office of Immigration Litigation, Janet Reno, U.S. Atty. Gen., Civil Division, Appellate Staff, Robert L. Bombaugh, Director, Office of Immigration Litigation, Civil Division, Washington, DC, Michael Heston, Immigration and Naturalization Service, District Directors Office, Houston, TX, Lynne Underdown, Immigration and Naturalization Service, District Directors Office, Attn: Joe A. Aguilar, New Orleans, LA, for Respondent.

Before DUHÉ, BARKSDALE and EMILIO M. GARZA, Circuit Judges.

## PER CURIAM:

Oscar Camacho–Marroquin petitioned for review of his final removal order. The Immigration and Naturalization Service ("INS") moved to dismiss, asserting that Camacho failed to exhaust his administrative remedies and that INA § 242(a)(2)(C) precludes our review of Camacho's final removal order. We conclude that Camacho did not fail to exhaust his administra-

tive remedies, but dismiss his petition because INA § 242(a)(2)(C) precludes our review.

### FACTS AND PROCEEDINGS

Oscar Camacho–Marroquin ("Camacho") is a Mexican citizen who entered the United States without inspection in 1984. On March 26, 1998, Camacho was convicted of felony driving while intoxicated ("DWI") as a third time offender. He received a five year suspended sentence and five years of probation. On March 27, INS served Camacho with a "Notice of Intent to Issue Final Administrative Removal Order" ("Notice") pursuant to INA § 238(b), 8 U.S.C. § 1228(b). INA § 238(b) authorizes expedited removal of an alien who is not a lawful permanent resident and who is deportable for committing an aggravated felony as defined by the INS.[1] The notice charged Camacho as deportable under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), for being convicted of an aggravated felony as defined in INA § 101(a)(43), 8 U.S.C. § 1101(a)(43). The Notice informed Camacho that he had the right to contest his deportability and to seek judicial review of the final administrative order. Camacho admitted the allegations in the Notice, admitted he was deportable, and waived his right to rebut and contest the charges.

On April 1, INS issued a Final Administrative Removal Order ("Removal Order") ordering Camacho removed from the United States.[2] On April 30, Camacho petitioned this court for review of the Removal Order, asserting that felony DWI is not an aggravated felony under INA § 101(a)(43), 8 U.S.C. § 1101(a)(43). INS moved to dismiss Camacho's appeal for lack of subject matter jurisdiction.

1. Expedited removal proceedings do not include a hearing before an immigration judge or the right to appeal an adverse decision to the Board of Immigration Appeals ("BIA"). However, the alien has procedural protections, including being informed of the right to counsel, reasonable notice of the charges against him, and a reasonable opportunity to inspect the evidence and rebut the charges. *See* 8 U.S.C. § 1228(b)(4) (Supp.1997); 8 C.F.R. § 238.1(b)(2) (1999).

2. INS noted that the clear, convincing, and unequivocal evidence established Camacho was deportable as an aggravated felon.

*Exhaustion of Administrative Remedies*

 INS asserts that Camacho failed to exhaust his administrative remedies, thereby depriving this Court of jurisdiction. Camacho asserts that no administrative avenue existed for challenging the INS's legal conclusion that a Texas felony DWI is an aggravated felony under INA § 101(a)(43), 8 U.S.C. § 1101(a)(43). INA § 242(d) requires an alien to exhaust all administrative remedies before seeking judicial review. *See* INA § 242(d), 8 U.S.C. § 1252(d) (1999). This exhaustion requirement is jurisdictional, *see Townsend v. INS*, 799 F.2d 179, 180 (5th Cir.1986) (construing the almost identical exhaustion requirement in INA § 106(c)), and a party's failure to satisfy an exhaustion requirement deprives federal courts of jurisdiction. *See FDIC v. Scott*, 125 F.3d 254, 257 (5th Cir.1997).

INS asserts that Camacho could have inspected the evidence against him and rebutted the charges in the Notice. Camacho counters that although a Notice of Intent must include allegations of fact and conclusions of law, *See* 8 C.F.R. § 238.1(b)(2)(I) (1999), an alien may only challenge the allegations of fact, not the conclusions of law. *See id.* (c)(1), (c)(2), (d)(2). Further, an alien in an expedited removal proceeding can not demand a hearing before an Immigration Judge or seek review of the removal order by the BIA. *See* 8 U.S.C. § 1228(b); 8 C.F.R. § 238.1(b) (1999).

We hold that INS regulations provided Camacho no avenue for challenging the legal conclusion that a Texas felony DWI is an aggravated felony.[3] Therefore, Camacho did not fail to exhaust his administrative remedies and thereby deprive this court of jurisdiction.

*INA § 242(a)(2)(C) Preclusion of Review*

INS asserts that, under INA § 242(a)(2)(C), this Court lacks subject matter jurisdiction to review Camacho's appeal from his final removal order. Camacho counters that the prerequisites for review preclusion are not met prima facie, therefore this Court has subject matter jurisdiction.

INA § 242(a)(2)(C) states that "no court shall have jurisdiction to review any final removal order against an alien ... removable ... [for committing] a criminal offense covered in [INA] § 237(a)(2)(A)(iii)." 8 U.S.C. § 1252(a)(2)(C) (1999). INA § 237(a)(2)(A)(iii) includes aggravated felony as defined in INA § 101(a)(43) as a deportable offense. *See* 8 U.S.C. § 1227(a)(2)(A)(iii) (Supp.1997). INA § 101(a)(43)(F) defines aggravated felony as a crime of violence as defined in 18 U.S.C. § 16 with at least one year of imprisonment. *See id.* § 1101(a)(43)(F). 18 U.S.C. § 16 defines a crime of violence as "a felony ... that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b)(1994).

 The prerequisites for review preclusion under INA § 242(a)(2)(C) are: (i) an alien; (ii) deportable; (iii) for committing a crime covered in INA § 237(a)(2)(A)(iii). *See Yang v. INS*, 109 F.3d 1185, 1192 (7th Cir.1997). This Court has jurisdiction to determine whether these prerequisites for precluding review have been met. *See id.*

 Camacho and INS agree that Camacho is an alien, that a felony DWI in Texas has at least one year of imprisonment as required for an INA § 101(a)(43)(F) aggravated felony, and that a felony DWI in Texas is a felony offense as required for an 18 U.S.C. § 16(b) crime of violence. Camacho and the INS disagree on whether a Texas felony *DWI* is a crime of violence. If Texas felony DWI is a crime of violence, Camacho, an alien, has committed an aggravated

---

**3.** We need not address Camacho's alternative argument that judicial review would be available even if Camacho had not exhausted his administrative remedies.

felony, a deportable offense, and, therefore, this Court lacks jurisdiction to review his removal order. If Texas felony DWI is not a crime of violence, Camacho has not committed the deportable offense of aggravated felony, and therefore, INA § 242(a)(2)(C) does not preclude review. Further, on review, we would necessarily vacate the removal order for failing to allege a deportable offense.

■ A crime of violence "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b)(1994). We look to the generic elements of the crime rather than the specific facts of the case to determine whether a crime involves a substantial risk that physical force may be used. *See Alcantar,* 20 I. & N. Dec. at 808 (BIA 1994). The Texas Penal Code defines DWI as operating a vehicle in a public place while intoxicated. *See* Tex. Penal Code Ann. § 49.04 (Supp.1999).[4]

Camacho asserts that § 49.04 is not a crime of violence. First, "operating" a motor vehicle only requires "affecting the functioning of a vehicle in a manner that would enable the vehicle's use," *Barton v. State,* 882 S.W.2d 456 (Tex.Civ.App.—Dallas 1994, no pet.), conduct far short of actually driving. Second, a public place includes areas as innocuous as the yard of a private residence. *See Banda v. State,* 890 S.W.2d 42, 52 (Tex.Crim.App.1994). Therefore, operating a motor vehicle in a public place while intoxicated does not involve a substantial risk that physical force may be used.

Camacho's assertion is not persuasive given the federal courts' recognition of the substantial risk that force may be used by drunk drivers. *See e.g., Michigan State Police v. Sitz,* 496 U.S. 444, 451, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990) (noting that drunk drivers annually cause over 25,000 deaths, approximately one million personal

injuries and more than $5 billion in property damage); *United States v. Rutherford,* 54 F.3d 370, 376 (7th Cir.1995) ("[d]runk driving, by its nature, presents a serious risk of physical injury.") Although Camacho points out that § 49.04 defines the offense as "operating" rather than driving, operating includes driving and other conduct rapidly convertible to driving. For these reasons, we hold that Texas felony DWI is a crime of violence, involving a substantial risk that harm may be used. Because Camacho, an alien, committed a crime of violence and therefore an aggravated felony and deportable offense, we lack jurisdiction under INA § 242(a)(2)(C) to review his removal order.

DISMISSED.

---

4. Texas Penal Code § 49.09 makes § 49.04 a third degree felony if defendant has two prior

convictions for operating a motor vehicle, aircraft, or water craft while intoxicated.