IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50535
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESARIO MENDOZA-MARTINEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-98-CR-1713-1
--------------------


_____

Consolidated with
No. 99-50633
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL CALDERON-GARCIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 99-CR-5-ALL
--------------------
December 17, 1999

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

In this consolidated appeal, Cesario Mendoza-Martinez (Mendoza) and Manuel Calderon-Garcia (Calderon) appeal their sentences for illegally reentering the United States following deportation, in violation of 8 U.S.C. § 1326. Their sole contention is that the district court erred when it enhanced their sentences 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A) for their prior convictions of an aggravated felony. The aggravated felony relied upon by the district court in both cases was a felony conviction of driving while intoxicated (DWI). The appellants argue that the offense of DWI is not an aggravated felony because it is not a "crime of violence" as the term is defined in 18 U.S.C. § 16(b).

A sentence must be affirmed unless it was imposed in violation of the law or was based on an erroneous application of the sentencing guidelines. United States v. Galvan-Rodriguez, 169 F.3d 217, 218 (5th Cir.), cert. denied, 120 S. Ct. 100 (1999). This court reviews de novo a challenge to a district court's interpretation of the guidelines. Id.

The appellants' argument is forestalled by this court's recent decision in Camacho-Marroquin v. INS, 188 F.3d 649 (5th Cir. 1999), in which we held that DWI constitutes a "crime of violence" as the term is defined in § 16(b). See id. at 652.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Accordingly, the sentences of Mendoza and Calderon are, in all respects

AFFIRMED.