**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 00-40561
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

GULMARO RANGEL-MENDOZA,

Defendant-Appellant,

Appeal from the United States District Court
for the Southern District of Texas
V-99-CR-72

October 1, 2001

Before DAVIS, STEWART and PARKER, Circuit Judges.[*]

PER CURIAM:

Appellant, Gulmaro Rangel-Mendoza, filed this motion
requesting that we recall our mandate pursuant to Rule 41.2 of the
Fifth Circuit Rules. Under Rule 41.2 of the Fifth Circuit Rules,
we may recall our mandate if necessary to prevent injustice. An
example of such an injustice is when a subsequent decision by the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Supreme Court or this court renders a previous appellate decision demonstrably wrong. *See United States v. Tolliver*, 116 F.3d 120, 123-24 (5th Cir. 1997); *Burton v. United States*, 237 F.3d 490, 490-91 (5th Cir. 2000).

In December 2000, we affirmed Rangel-Mendoza's conviction for being found in the United States after deportation, a violation of 8 U.S.C. § 1326(a). Rangel-Mendoza's base offense level was eight, but that was enhanced by a sixteen level enhancement based upon prior "aggravated felony" convictions. The convictions upon which this determination was based were two Texas felony DWI convictions. On March 1, 2001, this court decided *United States v. Chapa-Garza*, 243 F.3d 921 (5th Cir. 2001), holding that a Texas felony DWI conviction did not constitute an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(A) and 8 U.S.C. § 1326(b)2. The Government's Application for Rehearing and Rehearing En Banc was denied on August 20, 2001. *United States v. Chapa-Garza*, No. 99-51199, No. 00-50049, No. 00-50051, No. 00-50107, No. 00-50239, 2001 U.S. App. LEXIS 18779 (5th Cir. Aug. 20, 2001).

At the time defendant was sentenced, binding Fifth Circuit precedent held that a Texas felony DWI conviction was an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F). *See Camacho-Marroquin v. INS,* 188 F.3d 649 (5th Cir. 1999). Although this opinion was withdrawn on July 11, 2000, *Camacho-Marroquin v. INS*, 222 F.3d 1040 (5th Cir. 2000), the district court was bound by this

2

decision at the time of sentencing. Also, this precedent excused Rangel-Mendoza from arguing to the sentencing judge that his felony DWI conviction was not an "aggravated felony." Although Rangel-Mendoza filed his Fifth Circuit brief one month after *Camacho-Marroquin* was withdrawn, he had no basis to raise the issue that his felony DWI convictions did not qualify as aggravated felonies because he had not raised that issue in the district court.

We conclude that in the interest of justice, Rangel-Mendoza should be permitted to benefit from this court's decision in *Chapa-Garza.* Accordingly, appellant's motion requesting that this court recall its mandate is granted. Rangel-Mendoza's sentence is vacated and this case is remanded to the district court so that the district court can resentence Rangel-Mendoza in light of *Chapa-Garza.*

VACATED and REMANDED.