UNITED STATES of America,
Plaintiff–Appellee,

v.

Aurelio ECHEVARRIA–
VALENZUELA, Defendant–Appellant.

No. 00–10253.
D.C. No. CR–00–008–PHX–SMM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 2001.

Decided Oct. 15, 2001.

Before FERNANDEZ and KLEINFELD, Circuit Judges, and MOSKOWITZ,[1] District Judge.

1. The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

## MEMORANDUM [2]

Aurelio Echevarria–Valenzuela ("Echevarria") appeals his thirty-seven month sentence for violating 8 U.S.C. § 1326. Echevarria contends that his base offense level was improperly enhanced by sixteen levels as a result of the district court's determination that his state felony conviction for driving under the influence of alcohol ("DUI") qualifies as an "aggravated felony" under 8 U.S.C. § 1326(b)(2) and United States Sentencing Guideline § 2L1.2(b)(1)(A). Echevarria also contends that the district court erred by construing his prior felony conviction as a sentencing enhancement factor rather than as an element of 8 U.S.C. § 1326(b).

In May of 1995, Echevarria was convicted of an aggravated DUI in Pima County, Arizona. Echevarria was sentenced to 2.5 years of imprisonment for the offense. Deportation proceedings were initiated upon completion of Echevarria's prison sentence, and he was removed from the United States on April 12, 1999. Shortly thereafter, Echevarria reentered the United States without permission, and was detained by the Immigration and Naturalization Service in Arizona. On January 4, 2000, Echevarria pled guilty to an information charging him with the crime of reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2).

An alien who reenters the United States without permission following deportation is subject to two years imprisonment. 8 U.S.C. § 1326(a). The prison sentence is increased if the alien was deported following an aggravated felony conviction. 8 U.S.C. § 1326(b)(2). The sentencing guidelines increase the base offense level for illegal reentry following deportation by sixteen levels if the defendant was convict-

ed of an aggravated felony prior to his deportation. *See* U.S.S.G. § 2L1.2(b)(1)(A).

To determine whether an offense is an "aggravated felony," application note one of U.S.S.G. § 2L1.2 refers the sentencing court to 8 U.S.C. § 1101(a)(43). *See* U.S.S.G. 2L1.2, comment (n.1). Included in the definition of aggravated felony set forth in section § 1101(a)(43) is a "crime of violence," as defined in 18 U.S.C. § 16, that carries a term of imprisonment of at least one year. *See* 8 U.S.C. § 1101(a)(43)(F). A crime of violence is defined, as

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

■ We review *de novo* the district court's application of the sentencing guidelines. *See United States v. Ceron–Sanchez,* 222 F.3d 1169, 1172 (9th Cir.2000). In sentencing Echevarria, the district court increased the base level by sixteen levels, concluding that his state felony DUI offense qualified as an "aggravated felony" pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2L1.2(b)(1)(A).

At the time the district court sentenced Echevarria in May of 2000, only the Fifth Circuit had reached the issue of whether a felony DUI constituted a crime of violence under 18 U.S.C. § 16(b). Although the Fifth Circuit concluded that it did, the opinion was later withdrawn when the ap-

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

pellant filed a motion to withdraw his petition for rehearing en banc. *See Camacho–Marroquin v. INS,* 188 F.3d 649 (5th Cir. 1999), *opinion withdrawn, rehearing dismissed by Camacho–Marroquin v. INS,* 222 F.3d 1040 (5th Cir.2000). Since the imposition of Echevarria's sentence, five circuits, including this one, have spoken on the issue. *See United States v. Trinidad–Aquino,* 259 F.3d 1140 (9th Cir.2001) (holding that a felony DUI offense is not a crime of violence under section 16(b)); *Dalton v. Ashcroft,* 257 F.3d 200 (2d Cir. 2001) (same); *Bazan–Reyes v. INS,* 256 F.3d 600 (7th Cir.2001) (same); *United States v. Chapa–Garza,* 243 F.3d 921 (5th Cir.2001) (same); *Tapia Garcia v. INS,* 237 F.3d 1216 (10th Cir.2001) (holding that a felony DUI offense is a crime of violence under section 16(b)).

In *Trinidad–Aquino,* we held that a felony conviction under a California DUI statute for driving under the influence of alcohol with negligent injury to another is not a crime of violence under 18 U.S.C. § 16(b), and is, therefore, not an aggravated felony for sentencing enhancement purposes. The Arizona statutes under which Echevarria was convicted do not include the element of bodily injury found in the California statute. *See* Ariz.Rev.Stat. §§ 28–692(A)(1), 28–697(A)(1);[3] Cal. Veh. Code § 23153. Given the holding in *Trinidad–Aquino,* we conclude that Echevarria's felony DUI does not constitute a crime of violence, and is, therefore, not an aggravated felony. Accordingly, the district court erred when increasing Echevarria's sentence by 16 levels.

3. Arizona has renumbered its statutes since the time of Echevarria's 1995 conviction. Section 28–692 of the Arizona Revised Statutes is renumbered as section 28–1381. Likewise, section 28–697 is renumbered as section 28–1383.

Echevarria also contends that the information was deficient because it did not allege a prior felony conviction, and, therefore, violates the principles set forth in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We have previously rejected this argument. *See United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2000). Accordingly, the district court did not err in treating Echevarria's prior felony conviction as a sentencing enhancement factor rather than as an element of the offense of illegal reentry.[4]

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR RESENTENCING.

4. 8 U.S.C. § 1326(b)(1) increases the maximum sentence from two to ten years for a prior non-aggravated felony. U.S.S.G. § 2L1.2(b)(1)(B) provides for a four level upward adjustment for a prior non-aggravated felony.