**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-20317
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

VERSUS

MARTIN FRAGA-ARAIGO,

Defendant - Appellant.

Appeal from the United States District Court
For the Southern District of Texas, Houston
(99-CR-436)

November 20, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM: [*]

Appellant, Martin Fraga-Araigo, filed this motion requesting that we recall our mandate pursuant to Rule 41.2 of the Fifth Circuit Rules, which allows us to recall a mandate if necessary to prevent injustice. An example of such an injustice is when a

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

subsequent decision by the U.S. Supreme Court or this court renders a previous appellate decision demonstrably wrong. *See United States v. Tolliver*, 116 F.3d 120, 123 (5th Cir. 1997); *Burton v. United States*, 237 F.3d 490, 490-91 (5th Cir. 2000).

Fraga-Araigo, a foreign national, was deported in 1995. Prior to his deportation, he had been convicted on three occasions, in 1989, 1991, and 1993, for felony driving while intoxicated ("DWI") under Texas state law. He reentered the United States illegally, was apprehended, and appeared before the district court, which found him guilty of illegal reentry under 8 U.S.C. § 1326 *et. seq.*

During sentencing, on April 3, 2000, the district court characterized Fraga-Araigo's prior felony DWI convictions as aggravated felonies under the sentencing guidelines applicable to § 1326 offenses, U.S.S.G. § 2L1.2, *et. seq.* The district court adopted the definition of "aggravated felony" set forth in 8 U.S.C. § 1101(a)(43), as referenced by U.S.S.G. § 2L1.2, as a "crime of violence" within the meaning of 18 U.S.C. § 16(b). Therefore, the sentencing terms of 8 U.S.C. § 1326(b)(2), for illegal reentry subsequent to a conviction for an aggravated felony, applied rather than those of § 1326(b)(1), for misdemeanors and felonies other than the aggravated type. The effect of such a finding was to apply a 16-level offense increase under U.S.S.G. §2L1.2 to Fraga-Araigo's base offense level of 8 and to elevate his mandatory sentencing range under the guidelines to as much as 71 months. The

district court, in fact, sentenced him to 71 months. If the earlier DWI convictions had qualified as felonies other than aggravated, Fraga-Araigo would have been sentenced to a shorter term, possibly of 30 months or less.

Fraga-Araigo was convicted on three occasions for DWI offenses. 8 U.S.C. § 1326 establishes that the penalty for illegal reentry is enhanced for an individual whose removal was subsequent to a conviction for three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony) and is enhanced again for an individual whose removal was subsequent to an aggravated felony. It does not establish any higher punishment for multiple convictions for non-aggravated felonies. Therefore, if remanded for re-sentencing in accordance with *Chapa-Garza*, Fraga-Araigo would still be eligible for sentencing under the guidelines applicable to illegal reentry subsequent to a conviction for a felony other than an aggravated felony.

The district court adopted such a characterization because of our earlier opinion in *Camacho-Marroquin v. I.N.S.*, 188 F.3d 649 (5th Cir. 1999), which established felony DWI as a crime of violence and thus an aggravated felony for sentencing purposes. That opinion was withdrawn on July 11, 2000, following that appellant's motion to withdraw his request for a rehearing *en banc*, allowing him to be deported in lieu of incarceration. *Camacho-*

3

*Marroquin v. I.N.S.*, 222 F.3d 1040 (5th Cir. 2000). Regardless, in Fraga-Araigo's case, the "aggravated felony" precedent applied at the time of sentencing. When Fraga-Araigo filed his brief on appeal with the Fifth Circuit on July 21, 2000, there still was no clear basis to determine error in the district court's sentencing.

We have since ruled that felony DWI under Texas law, by its nature, does not constitute a "crime of violence" under 18 U.S.C. § 16(b) and therefore is not an "aggravated felony" within the meaning of 8 U.S.C. § 1326. *See United States v. Chapa-Garza*, 243 F.3d 921, 927 (5th Cir. 2001). On that basis, we remanded *Chapa-Garza* to trial court for re-sentencing. We have since applied Fifth Circuit Rule 41.2 to ensure no injustice would accrue in other, similar cases. *See, i.e., United States v. Rangel-Mendoza*, No. 00-40561, 2001 U.S. App. LEXIS 21955 (5th Cir. Oct. 1, 2001).[1]

Applying Rule 41.2 may not be appropriate in every case in which a prisoner moves for post-mandate relief on the basis of a subsequent opinion such as *Chapa-Garza*. For example, a motion to recall a mandate after a lengthy period without petitioning for a writ of certiorari to the U.S. Supreme Court, pursuing a *habeas corpus* petition, or waiting a year or more without seeking relief through some other direct appeal or collateral attack would be disfavored because the apparent lack of true interest on the part

---

[1] Unpublished order granting a motion to recall a mandate, and vacating and remanding for re-sentencing under conditions substantially similar to this case.

4

of the movant would tend to show that injustice has not been done.

Fraga-Araigo was sentenced by the district court in April 2000 and filed his brief on appeal in July 2000. Judgment by this court was not entered until August 21, 2001, however, and the mandate in this case was issued on September 12, 2001. *Chapa-Garza* was decided in the interim and could have been considered by this panel before entering judgment. Fraga-Araigo's motion to reopen the appeal, recall the mandate and to vacate and remand was filed on October 22, 2001. Although he would have avoided the need for this motion had he provided a supplementary brief to the court on *Chapa-Garza's* applicability, there is no doubt he has been both assiduous and timely in pursuing his interests. In fact, he is still within the 90 day window to petition for a writ of certiorari should he not be successful on this motion. Because the mandate was issued so recently, despite the extended period since Fraga-Araigo's original conviction and sentencing, the motion is eligible for consideration.

Under the unusual circumstances surrounding Fraga-Araigo's sentencing followed by our opinion in *Chapa-Garza*, having noted that the government does not oppose Fraga-Araigo's motion and to prevent injustice under Rule 41.2,

IT IS HEREBY ORDERED that appellant's motion to reopen the appeal is GRANTED;

IT IS FURTHER ORDERED that appellant's motion to recall the

mandate is GRANTED:

IT IS FURTHER ORDERED that the sentence pronounced on the appellant by the district court is VACATED;

IT IS FURTHER ORDERED that this case is REMANDED to the district court for re-sentencing in accordance with this order.