IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 00-20611
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSÉ LUIS PARRA-TELLEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-661-1
--------------------
February 28, 2002

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

José Luis Parra-Tellez (Parra) has filed a motion requesting that this court recall its mandate in the case, vacate his 57-month sentence, and remand the case to the district court for resentencing in light of United States v. Chapa-Garza, 243 F.3d 921 (5th Cir. 2001). Parra's 57-month sentence included a 16-level increase under U.S.S.G. § 2L1.2(b)(1)(A) because he previously was deported after a Texas conviction for felony driving while intoxicated (DWI). At the time of Parra's

————————————

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing, his felony DWI conviction was properly classified as an "aggravated felony" conviction because this court, in an opinion which was later withdrawn, held that the offense was a "crime of violence." See Camacho-Marroquin v. INS, 188 F.3d 649, 652 (5th Cir. 1999), op. withdrawn, 222 F.3d 1040 (5th Cir. 2000); see also 8 U.S.C. § 1101(a)(43)(F)(defining "aggravated felony," among other things, as a crime of violence for which imprisonment term was at least one year). Prior to the disposition of Parra's appeal but after the filing of the parties' appellate briefs, this court decided Chapa-Garza, wherein we held that Texas felony DWI is not a "crime of violence" under 18 U.S.C. § 16(b) and, therefore, is not an "aggravated felony" for sentence-enhancement purposes under U.S.S.G. § 2L1.2(b)(1)(A). Chapa-Garza, 243 F.3d at 923-28. Affording Parra the benefit of Chapa-Garza would result in a greatly reduced sentence. Accordingly, in the interests of justice, we GRANT Parra's motion to recall the mandate, VACATE his sentence, and REMAND the case to the district court for resentencing in light of Chapa-Garza. See 5TH CIR. R. 41.2.

MOTION GRANTED; VACATED AND REMANDED.