IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-50860
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN GARCIA-GARCIA,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Western District of Texas
USDC No. A-00-CR-79-1-SS

_____

May 17, 2002

Before POLITZ, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Martin Garcia-Garcia appeals his sentence following a guilty plea to illegal

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reentry into the United States after having been previously deported. He asserts that the district court erred by applying a 16-level increase to his offense level based on a prior aggravated felony conviction, contending that none of his prior convictions qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43). Concluding that Garcia has no previous aggravated felony convictions, we must vacate the sentence and remand for re-sentencing.

As part of his guilty plea, Garcia signed a waiver of appeal which precludes him from appealing his plea unless he can demonstrate that it was not knowing and voluntary. The government has explicitly elected not to enforce the waiver and we therefore address the inquiry whether Garcia's sentence should be vacated.[1]

To qualify as an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(A), Garcia's prior offense must be "a crime of violence . . . for which the term of imprisonment [is] at least one year" or a "burglary offense for which the term of imprisonment [is] at least one year."[2] "The phrase 'term of imprisonment' refers to 'the period of incarceration or confinement ordered by a court of law regardless of any

---

[1] United States v. Rhodes, 253 F.3d 800, 804 (5th Cir. 2001).

[2] 8 U.S.C. § 1101(a)(43).

suspension of the imposition or execution of that imprisonment.'"[3] Garcia has two prior convictions upon which the enhancement potentially could have been predicated. He previously was convicted of burglary of a vehicle for which he was sentenced to less than one year of imprisonment, and for driving while intoxicated for which he was sentenced to over one year of imprisonment. Because Garcia was sentenced to less than one year for his burglary conviction, that offense could not have qualified as an aggravated felony conviction justifying the 16-level increase.

At the time of Garcia's plea and sentencing, our holding in Camacho-Marroquin v. Immigration and Naturalization Service[4] established that a Texas felony DWI offense was a crime of violence for purposes of 18 U.S.C. § 16(b).[5] Camacho-Marroquin was subsequently withdrawn, but not until after Garcia's sentencing. While Garcia's appeal was pending, we held in United States v. Chapa-Garza,[6] that a felony DWI conviction is not a crime of violence for purposes of 18 U.S.C. § 16(b).[7] Changes in sentencing law that occur between sentencing and appeal that benefit the defendant require

---

[3] United States v. Landeros-Arreola, 260 F.3d 407, 410 (5th Cir. 2001) (citing 8 U.S.C. § 1101(a)(48)(B)).

[4] 188 F.3d 649 (5th Cir. 1999).

[5] Id. at 652.

[6] 243 F.3d 921 (5th Cir. 2001).

[7] Id. at 927.

reversal and remand for re-sentencing.[8]  Accordingly, Garcia should be re-sentenced without the 16-level increase under U.S.S.G. § 2L1.2(b)(1)(A).

The sentence imposed by the district court is VACATED and this case is REMANDED for re-sentencing.

---

[8] United States v. Cervantes-Nava, 281 F.3d 501, 506 (5th Cir. 2002).