United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 30, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-61065
Summary Calendar
_____

FERNANDO PLATA-CEDILLO,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A36 756 990
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Fernando Plata-Cedillo (Plata) initially filed a 28 U.S.C.
§ 2241 petition in the district court challenging a 1999 removal
order issued by the Board of Immigration Appeals (BIA).  In
accordance with the REAL ID Act, his § 2241 petition was
converted into a petition for review and transferred to this
court.  See Rosales v. Bureau of Immigration and Customs
Enforcement, 426 F.3d 733, 736 (5th Cir. 2005), cert. denied,
126 S. Ct. 1055 (2006); 8 U.S.C. § 1252(a)(5).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plata contends that his removal order is invalid in light of this court's subsequent decision in United States v. Chapa-Garza, 243 F.3d 921 (5th Cir. 2001). Once removed from this country, Plata's case was effectively finished. See Navarro-Miranda v. Ashcroft, 330 F.3d 672, 675 (5th Cir. 2003). Because Plata's removal order had been legally executed at the time Chapa-Garza was decided, Chapa-Garza does not retroactively apply to Plata's removal order. See Alvarenga-Villalobos v. Ashcroft, 271 F.3d 1169, 1172 (9th Cir. 2001).

Plata also argues that the BIA erred by relying on a decision from this court that was not "controlling authority" at the time of his removal. The BIA relied, in part, on our decision in Camacho-Marroquin v. INS, 188 F.3d 649 (5th Cir. 1999), which later was withdrawn, 222 F.3d 1040 (5th Cir. 2000). However, Plata fails to address the BIA's additional reliance on its own decision, In re Puente-Salazar, 22 I. & N. Dec. 1006, 1014 (BIA 1999), which itself was later overruled by In re Ramos, 23 I. & N. Dec. 336 (BIA 2002). There is no indication that Puente-Salazar was not "controlling authority" for the BIA at the time of Plata's removal.

Finally, Plata argues that he may collaterally challenge his prior order of removal as a miscarriage of justice following our decision in Chapa-Garza. However, Plata cannot show a miscarriage of justice because he failed to file a petition for

review in this court following the BIA's decision.  See Ramirez-Molina v. Ziglar, 436 F.3d 508, 515 (5th Cir. 2006).  As in that case, there is no miscarriage of justice because, if Plata had petitioned this court for review, "he could have attained the result that was ultimately achieved by the petitioner in Chapa-Garza."  Id.

Accordingly, Plata's petition for review is DENIED.